

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| YOJANITA TORRES | § | |
|    *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 7:23-cv-88 |
| VS. | § | |
| | § | (JURY DEMANDED) |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, YOJANITA TORRES, Plaintiff in the above entitled and numbered cause, and files her First Amended Complaint complaining of and against STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant herein and for cause of action would respectfully show this Honorable Court and Jury the following:

I.

Plaintiff is a resident of Hidalgo County, Texas.

II.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has appeared and answered herein through counsel.

III.

The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

IV.

Venue is proper in this matter because the claim arose in this district.

V.

Plaintiff, **YOJANITA TORRES** was covered by an automobile insurance policy with STATE FARM policy number 425 7836-E11-53 001 (the "Policy"). The policy was in effect at the date of the accident. The Policy coverage includes Underinsured Motorist ("UIM") coverage. On or about April 23, 2022, Plaintiff was involved in a crash where the at-fault driver was underinsured. Plaintiff was lawfully driving a 2019 Toyota Tacoma, traveling eastbound on the 1800 block of Dove Avenue, a street in Hidalgo County, Texas. At the time in question, **JAROD ROBERT MUNOZ** was driving a 1997 Jeep Wrangler traveling in the same direction. Plaintiff, **YOJANITA TORRES**, was stationary at a red light when **JAROD ROBERT MUNOZ** failed to control his speed and struck Plaintiff's vehicle from behind causing severe and disabling injuries to the Plaintiff.

Nothing YOJANITA TORRES did or could have done caused or contributed to the harms and losses STATE FARM has caused.

VI.

Plaintiff asserts her claims under the Texas Civil Practice and Remedies Code §37.001, et. seq. to have her rights, status and other legal relationships under the Policy established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

    a.    Plaintiff claims for UIM and PIP benefits are covered by the Policy;

    b.    The negligence of the underinsured driver was the proximate cause of Plaintiff's injuries and damages;

  c.  Plaintiff also seeks a declaration determining the amount of UIM and PIP benefits under the Policy which Plaintiff is entitled to recover from Defendant STATE FARM, after all applicable set-offs and credits, for each of the following elements of damages covered under the Policy on Plaintiff's UIM and PIP claims arising under the Policy;

    i.  Reasonable and necessary medical treatment in the past;

    ii.  Reasonable and necessary medical treatment in the future;

    iii.  Physical pain and mental anguish in the past;

    vi.  Physical pain and mental anguish in the future;

    vii.  Physical impairment in the past;

    viii.  Physical impairment in the future;

    ix.  Disfigurement in the past; and

    x.  Disfigurement in the future.

## VII.

Plaintiff, YOJANITA TORRES, would show that nothing that she did, or failed to do, in any way contributed to this accident.

## VIII.

Said elements of damage which Plaintiff YOJANITA TORRES seeks to recover from the Defendant includes compensation for the following:

1. The physical pain sustained by Plaintiff from date of injury to the time of trial;
2. Future physical pain reasonably anticipated to be sustained by Plaintiff in the future;
3. Mental anguish sustained by Plaintiff from date of injury to time of trial;
4. Mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;
5. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;
7. Past and future physical disfigurement; and
8. Past and future physical impairment.

All of the aforesaid damages were proximately caused by the negligence of Defendant herein for which Plaintiff now herein sues.

IX.

Pleading further, and in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final trial, Plaintiff have judgment against Defendant, for all actual damages sustained as requested herein in the sum not to exceed $500,000.00, together with cost of suit, pre- and post-judgment interest, and for such other and further relief, both general and special, at law and/or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

By: /s/ Joseph R. Corteguera
**JOSEPH R. CORTEGUERA**
SBN: 00787291
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900 Main
713/218-2447 Direct
713/666-5922 Facsimile
Email: ervicejrc@navalawgroup.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2023, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by telephonic document transfer, messenger, hand delivery, express delivery, and/or certified mail, return receipt requested.

/s/ Joseph R. Corteguera
**JOSEPH R. CORTEGUERA**